IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Alonso Alvarez, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 21-cv-50127 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Rockford Police Dept,. *et al.*, ) | |
| ) | |
| *Defendants*. ) | |

## REPORT AND RECOMMENDATION

On March 19, 2021, Plaintiff Alonso Alvarez filed a *pro se* complaint against Rockford Police Department, Matthew Davis, Jason Dobran, David Kubly, and Max Mart. Dkt. 1. The complaint is a form civil rights complaint brought pursuant to 42 U.S.C. § 1983. On April 7, 2021, Plaintiff was granted leave to proceed *in forma pauperis*. Dkt. 6. To date, all Defendants have appeared except for Max Mart.

On November 29, 2021, Plaintiff filed a motion for default against Max Mart for not responding to the complaint. Dkt. 86. However, in this Court's review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff makes no allegations of wrongdoing against Max Mart. Although Plaintiff included Max Mart in the caption, the body of the complaint does not contain any allegations directed at Max Mart.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss Plaintiff's complaint if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary damages against a defendant who is immune from such damages. *See Coleman v. Lab. & Indus. Rev. Comm'n of Wisconsin*, 860 F.3d 461, 465 (7th Cir. 2017) ("[W]e have understood section 1915(e) to direct[ ] courts to screen all complaints filed with requests to proceed IFP.") (internal quotation marks and citation omitted).

Although the Court construes Plaintiff's *pro se* complaint liberally, *see Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009), Plaintiff's complaint fails to state a claim as to Max Mart. "A plaintiff cannot state a claim against a defendant by [merely] including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Rather, Plaintiff must set forth facts from which federal liability may be inferred against Max Mart. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative

level" and also must be enough to "give the defendant fair notice of what … the claim is and the grounds upon which it rests.") (citations omitted).

      For these reasons, it is this Court's report and recommendation that Plaintiff's claim against Max Mart be dismissed without prejudice. To the extent Plaintiff believes he has a valid cause of action against Max Mart, by January 27, 2022 he must identify any claims he is asserting against Max Mart in the body of his complaint. Any objection to this report and recommendation must be filed by January 21, 2022. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989). In light of this Court's recommendation, Plaintiff's motion for default against Max Mart [86] is denied.

Date: January 7, 2022            By:     _/s/ Lisa A. Jensen_
                                                     Lisa A. Jensen
                                                     United States Magistrate Judge